Stanislav Arbit

440 N Barranca Ave #7377

Covina, CA 91723

Phone: 480-818-4418

Email: stan@securepower.io

Plaintiff

FILED

2023 DEC 11  PM 2:58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
rsm

BY_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| Stanislav Arbit | ) CASE NO.: **2:23-CV-10369-PA-KESx** |
| Plaintiff, | ) |
| | ) **COMPLAINT FOR RACKETEER** |
| v. | ) **INFLUENCED AND CORRUPT** |
| Schneider Electric SE, a foreign | ) **ORGANIZATIONS ACT (RICO)** |
| entity; | ) **(18 U.S.C. §§ 1961–1968)** |
| Schneider Electric USA; | ) |
| Schneider Electric IT, Corp.; | ) **INJUNCTION AND DAMAGES** |
| Annette Clayton; | ) Wire Fraud (18 U.S.C. § 1343), Mail Fraud |
| Aamir Paul; | ) (18 U.S.C. § 1341), Witness Tampering (18 |
| Pankaj Sharma; | ) U.S.C. § 1512) & RICO Conspiracy (18 |
| | ) U.S.C. § 1962 (D)) |
| | ) |

Mark Zuckerberg;                          )

META PLATFORMS, INC.;                     )

                                          )

INSTAGRAM, LLC;                           )

                                          )

META PAYMENTS, INC.;                      )

                                          )

META PLATFORMS                            )
TECHNOLOGIES, LLC;                        )

                                          )

LDP Associates, Inc.;                     )

                                          )

Dennis Strieter,                          )

                                          )

                                          )

        Defendants.                       )

                                          )

                                          )

                                          )

                                          )

                                          )

                                          )

1.    Plaintiff files this complaint for damages sustained from racketeering activity and for an injunction to enjoin Defendants from engaging in organized state and federal predicate crimes that affect interstate commerce. Plaintiff alleges as follows:

## I. INTRODUCTION

2.    This complaint focuses on damages sustained in a closed-ended scheme to illegally manipulate a civil trial using fraud and witness tampering.

3.    The civil trial was a dispute over a trademark used in interstate commerce by Plaintiff, owner of the trademark, and Schneider Electric SE.

4.    All of the defendants are associated in fact and operate as one enterprise for the purpose of racketeering.

## II. PARTIES

5.    Plaintiff, Stanislav Arbit, resides in Los Angeles County, California. Stanislav Arbit is, and has been the only owner of Arbit LLC—a single-member LLC. Arbit LLC does business as SecurePower and is licensed to use the SecurePower mark (the Trademark). Plaintiff is the owner of the Trademark. Plaintiff is also the Plaintiff in Arbit v. Schneider Electric SE, Arizona District, 03/2023, case #2:23-CV00533-SPL, referenced in this complaint as the Trademark Infringement Lawsuit.

6.    The company commonly referred to as Schneider Electric (SE), but is also known by its other brands and aliases, such as its legal name, Schneider Electric SE, and its subsidiaries, Schneider Electric USA, Schneider Electric Group, Schneider Buildings, Schneider Electric IT Corp., and as alleged in the Trademark case they also refer to themselves as Secure Power.

7.    Annette Clayton, Aamir Paul, Pankaj Sharma are three U.S.-based SE officials.

8.    Schneider Electric is a foreign entity with extensive operations in the United States. Schneider Electric targets all 50 states for sales, has a national service organization that contracts with end users, and has properties in the U.S. The office in Boston, MA is one of four "international hubs"—as SE refers to them. SE and its subsidiaries operate as one enterprise.

9.    Meta Platforms, Inc. engages in the development of products that enable people to connect and share with friends and family through mobile devices, personal computers, virtual reality headsets, and wearables worldwide. It operates in two segments, Family of Apps and Reality Labs. The Family of Apps segment offers Facebook, which enables people to share, discuss, discover, and connect with interests; Instagram, a community for sharing photos, videos, and private messages, as well as feed, stories, reels, video, live, and shops; Messenger, a messaging application for people to connect with friends, family, communities, and businesses across platforms and devices through text, audio, and video calls; and WhatsApp, a

messaging application that is used by people and businesses to communicate and transact privately. The Reality Labs segment provides augmented and virtual reality related products comprising consumer hardware, software, and content that help people feel connected, anytime, and anywhere. The company was formerly known as Facebook, Inc. and changed its name to Meta Platforms, Inc. in October 2021. Meta Platforms, Inc. was incorporated in 2004 and is headquartered in Menlo Park, California Meta Platforms, Inc., and its subsidiaries operate as one enterprise.

10.    LDP Associates serves as the Exclusive Elite Large Data Center Partner for APC by Schneider Electric in Arizona, Southern California, Idaho, Nevada, New Mexico, Oregon, Washington, Utah and El Paso, TX. Dennis Strieter is the President/CEO.

11.    Meta uses SE products in their Data Centers and LDP Associates acts as a Manufacturer's Representative for SE. Plaintiff has worked for LDP Associates as a commercial sales engineer in the Los Angeles Metropolitan Area and has worked as a contingent employee at Facebook, Inc. as a Data Center Infrastructure Management Engineer in Menlo Park, CA.

### III. JURISDICTION AND VENUE

12.    Federal courts have subject matter jurisdiction over RICO claims pursuant to 28 U.S.C.§ 1331 and 18 U.S.C. § 1964(c).

13.    Section 1965(b) of RICO provides that process may be served "in any judicial district of the United States" when required by the "ends of justice." Section 1965(d) allows process to be served "in any judicial district in which such person resides, is found, has an agent, or transacts his affairs." Accordingly, courts have approved nationwide service of process under both § 1965(b) and § 1965(d).

14.    Both LDP and Meta have offices in the Central District of Southern California, Western Division. SE conducts its affairs in the district through LDP Associates and other partners.

15.    Meta's headquarters is in California.

- 4 -
Arbit v. Schneider Electric SE, et al. | RICO

16.   Venue is proper because the court possesses personal jurisdiction over at least one co-conspirator based on a traditional minimum contacts analysis with the forum state, there is no other district in which a court would have personal jurisdiction over all of the alleged co-conspirators, an the facts show a single nationwide RICO conspiracy exists.

17.   Plaintiff is a resident of this district.

### IV. BACKGROUND FACTS

18.   While attempting to comply with Rule 4 of the Federal Rules of Civil Procedure, Defendants committed mail fraud and wire fraud when they served documents in which they willfully misrepresented facts.

19.   Defendants have engaged in a pattern of constant, related, and continuous scheme of fraud and witness intimidation to put the proverbial thumb on the scale of justice and Plaintiff has been damaged by these actions in Arbit v. Schneider Electric SE, Arizona District, 03/2023, case #2:23-CV00533-SPL.

20.   Through a pattern of racketeering activity Defendants have affected interstate commerce.

21.   All of the defendants are associated in fact and operate as one enterprise for the purpose of racketeering.

22.   Based on information and belief, Plaintiff alleges a meeting of the minds between all defendants and for all acts.

### V. PREDICATE ACTS

RICO § 1962(c)

23.   The allegations of previous paragraphs are incorporated herein by reference.

24.   The Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff. Specifically, manipulating a trademark

lawsuit through mail fraud, wire fraud, perjury, and assaulting a witness (the plaintiff in this case and in the Trademark Infringement Lawsuit).

25.    Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple crimes. The acts—mail fraud, wire fraud, and assault of a witness— represent a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

26.    The Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

27.    As a direct and proximate result of the Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff has been injured in his business and property in that the Trademark Infringement Lawsuit has been improperly influenced towards Defendant, Schneider Electric SE.

**A. FIRST CAUSE OF ACTION: Corporate Disclosure: Wire Fraud & Mail Fraud**

28.    The first act of fraud was a corporate disclosure. The disclosure was filed in the Trademark Infringement Lawsuit. The corporate disclosure was mailed to me and falsely states that Schneider Electric SE is not a company. In multiple documents, including the disclosure itself (on page 1), the attorneys for the Defendant in the Trademark Infringement Lawsuit state that they represent Schneider Electric SE. Schneider Electric SE is a real company, and its website is se.com.

29.    Document 19 (Arbit v. Schneider Electric SE, Arizona District, 03/2023, case #2:23-CV00533-SPL) is the disclosure. On page 3, Mr. Strand, an attorney for the Defendant, attests that it was mailed and emailed on the same day—the day it was filed, 07/24/23. Plaintiff received the document a few days later in the mail and received the email on 07/24/23 at 15:10:42 -0700 (PDT). The email was sent by

Virginia Weeks using the virginia.weeks@wolfgreenfield.com email address and was sent to stanarbit@gmail.com.

30.     Plaintiff alleges that the defendant committed the predicate acts willfully.  As a direct and proximate result of the Defendants' fraud, Plaintiff has been injured in his business and property in that the Trademark Infringement Lawsuit was irredeemably altered by unfairly tipping the scale of justice toward the defendant.

**B. SECOND CAUSE OF ACTION: Defendant's First Motion for an Extension of Time to Answer: Mail Fraud & Wire Fraud**

31.     The second act of mail fraud was the motion requesting more to time to file an answer. The fraud occurred when the motion was served to me, the Plaintiff through the mail and in an email. In the motion, the defendant's attorney, Mr. Strand, manipulated an email exchange between him and the plaintiff, by omitting material statements in order to increase his chances of winning the motion. The motion was ultimately granted.

32.     I, Stanislav Arbit, the plaintiff in that case filed a motion (Doc 21 of Arbit v. Schneider Electric SE, Arizona District, 03/2023, case #2:23-CV00533-SPL) for reconsideration and outlined the fraud contained in the defendant's motion and attached the actual conversation.

33.     On Page 4, of Document 16 of Arbit v. Schneider Electric SE, Arizona District, 03/2023, case #2:23-CV00533-SPL, Mr. Strand attests that this document was emailed and served by mail on the day of filing, 7/24/23. Plaintiff received the document a few days later in the mail and received the email on 07/24/23 at 15:10:42 -0700 (PDT). The email was sent by Virginia Weeks using the virginia.weeks@wolfgreenfield.com email address and was sent to stanarbit@gmail.com.

34.     Along with Document 16 (Arbit v. Schneider Electric SE, Arizona District, 03/2023, case #2:23-CV00533-SPL), referenced in paragraph 31 of this complaint,

Defendant emailed and mailed a declaration (Doc. 17, id) and a notice (Doc. 18, id). Both the notice and declaration contain fraudulent statements and constitute additional counts of mail and wire fraud.

35.   Plaintiff alleges that the defendant committed the predicate acts willfully.  As a direct and proximate result of the Defendants' fraud, Plaintiff has been injured in his business and property in that the Trademark Lawsuit was irredeemably altered by tipping the scale of justice towards the defendant.

**C. THIRD CAUSE OF ACTION: Motion to Dismiss: Mail Fraud and Wire Fraud**

36.   The third act was the motion to dismiss. Here, Mr Strand, once again misrepresented the facts when he did not follow the Federal Rules of Civil Procedure and Judge's order to attempt to amend the pleadings if possible. In his statement of conference he stated that I, the plaintiff was unresponsive. Mr. Strand's statement misrepresents the facts.

37.   On page 18 of Document 25 of Arbit v. Schneider Electric SE, Arizona District, 03/2023, case #2:23-CV00533-SPL, Mr. Strand attests that this document was emailed and served by mail on the date of filing, 08/15/2023. It was received by the Plaintiff on September 8, 2023 through the mail and the email was received on the day of filing. It was emailed by valeria.gomez@wolfgreenfield.com at 11:28:15 -0700 (PDT) and sent to stanarbit@gmail.com.  The accompanying Declaration (Doc. 25-1 of Arbit v. Schneider Electric SE, Arizona District, 03/2023, case #2:23-CV00533-SPL) was served along with the motion (Document 25 of Arbit v. Schneider Electric SE, Arizona District, 03/2023, case #2:23-CV00533-SPL).

38.   Plaintiff alleges that the defendant committed the alleged predicate acts willfully. As a direct and proximate result of the Defendants' fraud, Plaintiff has been injured in his business and property in that the Trademark Lawsuit was irredeemably altered by tipping the scale of justice toward the defendant.

**D. FOURTH CAUSE OF ACTION: Witness Tampering & Intimidation: 18 U.S. Code § 1512**

39.    Around the time the summons (Doc. 15 of Arbit v. Schneider Electric SE, Arizona District, 03/2023, case #2:23-CV00533-SPL) was served by USMS, Plaintiff started experiencing highly unusual technical issues, such as intermittent packet loss at approximately 50% with a traceroute command showing intermittent "no route to host". Around the same time, I also initiated a bulk email marketing effort to promote Defendant's biggest competitors.

40.    On September 14, 2023, when I walked down my street to the park and found three dogs were off-leash and they proceeded to attack me as soon as got there, while the owner yelled at me that I should stop threatening his dogs and that he is going to go get a rock and hit me with it. This man eventually wrangled his dogs and drove off, but came back a few minutes later and walked diagonally across the park to intercept me while I was jogging, I told him to leave me alone, but he stood in my path in a fighting stance with his fist clenched. He then ominously said to me, "You have been warned." Doc. 37 of Arbit v. Schneider Electric SE, Arizona District, 03/2023, case #2:23-CV00533-SPL.

41.    The above statements are not an exhaustive list of the constant harassment orchestrated by the defendants and directed at the plaintiff.

**E. FIFTH CAUSE OF ACTION: Declaration of Dennis Strieter & Motion to Hold Evidentiary Hearing by Zoom or Another Video-telephony Software Program: Mail Fraud & Wire Fraud**

42.    Dennis Strieter submitted a declaration (Doc. 53 of Arbit v. Schneider Electric SE, Arizona District, 03/2023, case #2:23-CV00533-SPL). Multiple falsehoods are stated by Mr. Strieter. Mr. Strieter is a named defendant and conspirator in the organized crime network alleged in this complaint.

43. In paragraphs 3 and 6-10, (Doc. 53 of Arbit v. Schneider Electric SE, Arizona District, 03/2023, case #2:23-CV00533-SPL), Mr. Strieter misrepresented the facts.

44. Mr. Strieter's subpoena was never executed and he did not show up to testify at a hearing held on November 2, 2023, at the Sandra Day O'Connor Courthouse. Mr. Strieter's attempt to provide false character testimony in a Trademark Infringement case is wire fraud and mail fraud. In document 53 (Arbit v. Schneider Electric SE, Arizona District, 03/2023, case #2:23-CV00533-SPL) Mr. Rader attests in his Certificate of Service that the motion (Doc. 52, id) and declaration (Doc. 53, id) were served by mail and email on the date they were filed, 10/31/23. Plaintiff received the mail on November 9, 2023. Plaintiff received the email on 10/31/23 at 13:26 -0700 (PDT). The mail was sent by Michael Rader using mrader@wolfgreenfield.com and sent to Plaintiff at stan@securepower.io and to the court deputy at molly_williams@azd.uscourts.gov. Documents 52, 53, and 54 (id) were also sent by Ashley Lohr, using Ashley.lohr@wolfgreenfield.com, to Plaintiff at stan@securepower.io. Ashley Lohr sent the emails on 10/31/23 at 13:29 -0700 (PDT). All three documents contain fraudulent statements.

45. Plaintiff alleges that the defendant committed the alleged predicate acts willfully.

46. As a direct and proximate result of the Defendants' fraud, Plaintiff has been injured in his business and property in that the Trademark Lawsuit was irredeemably altered by tipping the scale of justice toward the defendant.

## VI. CONSPIRACY

### RICO § 1962(d)

47. The allegations of previous paragraphs are incorporated herein by reference.

48. As set forth above, the Defendants agreed and conspired to violate 18 U.S.C. § 1962(c) in order to spoil the Trademark Infringement Lawsuit for a trademark that is used in interstate commerce. Defendants conducted and participated in the conduct

of the affairs of the enterprise through a pattern of racketeering activity (§ 1962(c)), and if not enjoined will continue their scheme.

49. The Defendants have intentionally conspired and agreed to conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. The Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above. Defendants' conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

50. As a direct and proximate result of the Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), Plaintiff has been injured in his business and property in that the Trademark Lawsuit is irredeemably altered by tipping the scale of justice toward the defendant.

### VII. PRAYER FOR RELIEF

51. WHEREFORE, Plaintiff prays that:

Defendants and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from of Defendants, or in concert or participation with Defendants, and each of them, be enjoined from using the SecurePower trademark.

52. Schneider Electric SE be compelled to account to Plaintiff for any and all profits derived by Schneider Electric SE from the sale of its goods and services since 08/23/21 in the United States. Equitable disgorgement should not be limited to any specific line of business or market because Mr. Pankaj Sharma, a US-based Schneider Electric SE official, is promoting the Schneider Electric brand and its goods and business services, and not any specific business unit of Schneider Electric, using the Secure Power term.

53. Plaintiff requests that this Court enter judgment against the Defendants as follows: (1) disgorgement of Schneider Electric SE's profits since August 2021; (2)

actual damages; (3) costs; See 15 U.S.C. § 1117(a). In assessing damages under subsection (a) of this section, the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever is greater. Furthermore, Plaintiff requests that the sums of the Trademark Infringement Lawsuit be trebled as permitted by §1964(c).

54.    Plaintiff requests that Annette Clayton, Pankaj Sharma, Aamir Paul, Mark Zuckerberg, and Dennis Strieter be ordered to divest themselves of any interest, direct or indirect, in any enterprise. Annette Clayton, Pankaj Sharma, Aamir Paul, Mark Zuckerberg, and Dennis Strieter should be restricted from future activities or investments, including, but not limited to, prohibiting the defendants from engaging in the same type of endeavor as the enterprises engaged in and the activities of which affect interstate or foreign commerce.

55.    For damages owed by Mark Zuckerberg, Plaintiff is willing to accept Meta Class B shares.

56.    Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards.

57.    Plaintiff be granted such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

58.    Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

12-11 23

By: Stanislav Arbit

440 N Barranca Ave #7377

Covina, CA 91723

Email: stan@securepower.io